**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KARKEY KARADENIZ ELEKTRIK
URETIM A.S.,
Merkez Mah. Develi Caddesi
No:14 Kağıthane 34406
Istanbul, Turkey

    *Plaintiff and Arbitration Award Creditor*,

        v.

ISLAMIC REPUBLIC OF PAKISTAN,
The Solicitor
Ministry of Law and Justice
R Block, Pak. Sectt.
Islamabad
Pakistan

    *Defendant and Arbitration Award Debtor*.

Civil Action No. 18-1461

## COMPLAINT

Plaintiff and Arbitration Award Creditor Karkey Karadeniz Elektrik Uretim A.S.
("Karkey" or "Plaintiff"), by and through its attorneys Arnold & Porter Kaye Scholer LLP, for
its complaint against Defendant and Arbitration Award Debtor the Islamic Republic of Pakistan
("Pakistan" or "Defendant"), states as follows:

### NATURE OF ACTION

1.    This is an action to recognize and enforce the pecuniary obligations of a final
arbitral award (the "Award") issued under the Convention on the Settlement of Investment
Disputes between States and Nationals of other States (the "ICSID Convention" or

"Convention"),[1] in favor of Karkey and against Pakistan, pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention.

## THE PARTIES

2.      Karkey is a corporation organized and existing under the laws of the Republic of Turkey ("Turkey").

3.      Pakistan is a "foreign state" within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq*.

## JURISDICTION AND VENUE

4.      This action is brought under 22 U.S.C. § 1650a(a), which provides that "[a]n award of an arbitral tribunal rendered pursuant to [the ICSID Convention] shall create a right arising under a treaty of the United States"[2] and "[t]he pecuniary obligations imposed by such an award shall be enforced and given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."  This Court has subject matter jurisdiction over this action under 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy."

5.      In addition, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1330 and 1605.  Section 1330(a) of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction . . . of any nonjury civil action against a foreign state as defined in [the FSIA] as to any claim for relief *in personam* with respect to which the foreign

---

[1] Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1291, T.I.A.S. No. 6090, 575 U.N.T.S. 159 (entered into force Oct. 14, 1966) ("ICSID Convention").
[2] The ICSID Convention entered into force for the United States on October 14, 1966.  Exhibit 2, *List of Contracting States and Other Signatories of the Convention (as of January 11, 2018)*, ICSID, WORLD BANK GROUP, p. 4.

state is not entitled to immunity under sections 1605–1607 of this title [*i.e.*, the FSIA] or under any applicable international agreement."  Pakistan is not entitled to immunity from the jurisdiction of this Court because (i) pursuant to 28 U.S.C. § 1605(a)(1), Pakistan waived its immunity by becoming a party to the ICSID Convention;[3] and (ii) pursuant to 28 U.S.C. § 1605(a)(6)(B), this action seeks confirmation of an award governed by a treaty in force for the United States calling for the recognition and enforcement of arbitral awards — *i.e.*, the ICSID Convention.

6.      This Court may exercise personal jurisdiction over Pakistan pursuant to 28 U.S.C. § 1330(b), which provides for personal jurisdiction over a foreign state "as to every claim for relief over which the district courts have jurisdiction under [28 U.S.C. § 1330] subsection (a) where service has been made under [28 U.S.C.] section 1608."

7.      Pursuant to 28 U.S.C. § 1608(a), after this action is initiated, service may be made upon Pakistan (1) in accordance with any special arrangement for service between Karkey and Pakistan, or (2) if no such special arrangement exists, under the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, or (3) if service cannot be made under (1) or (2), by mail requiring a signed receipt in accordance with the procedure specified in section 1608(a)(3), or (4) if service cannot be made within 30 days under (3), via diplomatic channels under the procedure stipulated in section 1608(a)(4).

8.      Venue in this Court is proper under 28 U.S.C. § 1391(f)(4).

---

[3] The ICSID Convention entered into force for Pakistan on October 15, 1966.  *See* treaty information concerning the ICSID Convention, *available at* https://treaties.un.org/pages/showDetails.aspx?objid=080000028012a925.  *See also* Exhibit 2, p. 3.

**THE ICSID CONVENTION**

9.        The ICSID Convention establishes a framework for the resolution of investment disputes between a foreign sovereign party to the Convention and a national of another State party to the Convention.  The ICSID Convention created the International Centre for Settlement of Investment Disputes ("ICSID"), which is the World Bank-affiliated arbitral institution that administers arbitral proceedings under the ICSID Convention, including the arbitration at issue here.

10.        Pakistan signed the ICSID Convention on July 6, 1965, and deposited its ratification on September 15, 1966.  The Convention entered into force for Pakistan on October 15, 1966.[4]  Karkey is a national of Turkey, which became a State party to the ICSID Convention on April 2, 1989.[5]

11.        Article 53 of the ICSID Convention describes the effect of an arbitral award rendered by an ICSID tribunal, and provides that such an "award shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention.  Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention."  Thus, pursuant to Article 53, and unless a stay of enforcement is in place, Pakistan is obligated to abide by and comply with the terms of the Award, without any further action by Karkey.  As discussed further below, there is no stay of enforcement in place, and to date Pakistan has not complied with its obligations under the Award.

12.        Article 54(1) of the ICSID Convention addresses the recognition and enforcement of ICSID awards in the event that an award debtor fails to comply voluntarily with the terms of

---

[4] *See supra* n.3.
[5] *See* Exhibit 2, p. 4.

the award.  Article 54(1) provides that "[e]ach Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

13.     The United States has been a party to the ICSID Convention since 1966,[6] when the Convention entered into force and Congress enacted enabling legislation with respect to Article 54(1) of the Convention.  That legislation, 22 U.S.C. § 1650a, provides in relevant part as follows:  "An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID Convention] shall create a right arising under a treaty of the United States.  The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."  Section 1650a also provides that the Federal Arbitration Act (9 U.S.C. § 1, *et seq.*) does not apply to the enforcement of awards rendered pursuant to the ICSID Convention.

## THE ARBITRATION AND THE AWARD

### The Arbitration Proceedings and Award

14.     On January 16, 2013, Karkey filed a Request for Arbitration against Pakistan pursuant to (i) the ICSID Convention and (ii) the Agreement Between the Islamic Republic of Pakistan and the Republic of Turkey concerning the Reciprocal Promotion and Protection of Investments (entered into force September 3, 1997) (the "Bilateral Investment Treaty" or "BIT").  The arbitration concerned, *inter alia*, Pakistan's improper and illegal treatment of Karkey's investments in Pakistan, including the illegal detention by Pakistan of several maritime vessels owned by Karkey.

---

[6] *See* Exhibit 2, p. 4.

15.     The Request for Arbitration was registered by the Secretary-General of ICSID on February 8, 2013.  A three-member arbitral tribunal was duly constituted on July 25, 2013, in accordance with the ICSID Convention (the "Tribunal").

16.     Between 2013 and 2016, the Tribunal received extensive written submissions from the parties.  The Tribunal then held a hearing on jurisdiction and merits in London, from February 29, 2016 to March 12, 2016.

17.     After receiving post-hearing submissions and submissions on costs, the Tribunal declared the proceedings closed on June 6, 2017.

18.     The Tribunal then issued a unanimous final award (the "Award"), which ICSID dispatched to the parties on August 22, 2017.[7]  Consistent with Article 54(2) of the ICSID Convention,[8] a certified copy of the Award is attached hereto as Exhibit 1.

19.     In the Award, the Tribunal unanimously confirmed its jurisdiction over the dispute and ruled in favor of Karkey on the merits, finding that Pakistan had breached its obligations under the BIT.  The Award imposed pecuniary obligations on Pakistan in favor of Karkey in the following amounts:

(a)     US $149,802,431 in damages in respect of termination charges,[9] plus interest of 12% compounded annually as of March 30, 2012 until the date of full payment;

---

[7] The three members of the Tribunal signed the Award on July 20, 2017, July 31, 2017, and August 8, 2017, respectively.

[8] Article 54(2) of the ICSID Convention provides, in relevant part:  "A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General."

[9] The term "termination charges" refers to certain amounts the payment of which was contemplated in the contract between Karkey and the state-owned Pakistani company, concerning the former's investment.  The Tribunal held in the Award that such company's actions and omissions could be attributed to the Islamic Republic of Pakistan, and therefore give rise to liability by the latter.

(b)      US $28,923,000 in damages in respect of unpaid invoices,[10] plus interest of 12% compounded annually as of March 30, 2012 until the date of full payment;

(c)      US $566,000 in damages in respect of mobilization and transport charges for the vessel named the *Kaya Bey* (which is one of the vessels that was detained), plus interest of 12% compounded annually as of March 30, 2012 until the date of full payment;

(d)      US $10,000,000 in damages in respect of repair costs for the *Kaya Bey*, plus interest of 7% compounded annually as of May 15, 2014 until the date of full payment;

(e)      US $98,200,000 in damages in respect of lost profits from the detention of the *Kaya Bey*, plus interest of 7% compounded annually as of March 30, 2012 until the date of full payment;

(f)      US $120,000,000 in damages to compensate for the cost of replacement of another of the detained vessels, named the *Alican Bey*, plus interest of 7% compounded annually as of March 30, 2012 until the date of full payment;[11]

(g)      US $64,800,000 in damages in respect of the lost profits stemming from the detention of the *Alican Bey*, plus interest of 7% compounded annually as of March 30, 2012 until the date of full payment;

(h)      US $2,000,000 in damages in respect of the cost of replacement of another of the detained vessels, named the *Iraq*, plus interest of 7% compounded annually as of March 30, 2012 until the date of full payment;[12]

---

[10] The term "unpaid invoices" refers to the invoices from Karkey that went unpaid by its contractual counterpart.

[11] Pursuant to the Award, Karkey is required to transfer its legal title to the *Alican Bey* to Pakistan within 60 days from the date of payment of this amount.  *See* Exhibit 1, ¶ 1081(ix).

[12] Pursuant to the Award, Karkey is required to transfer its legal title to the *Iraq* to Pakistan within 60 days from the date of payment of this amount.  *See* Exhibit 1, ¶ 1081(xi)

(i)     US $11,497,965 in damages in respect of delays to Karkey's Construction Program, plus interest of 7% compounded annually as of March 30, 2012 until the date of full payment;

(j)     US $4,599,786 in damages in respect of increases in Karkey's insurance premiums, plus interest of 7% compounded annually as of March 30, 2012 until the date of full payment;

(k)     US $10,000,000 as contribution to Karkey's legal costs and expenses; and

(l)     US $304,385.17 as reimbursement for 50% of Karkey's share of the costs of the arbitration.

20.     The gross amount owed to Karkey under the Award is US $500,693,567.17.  With interest (in accordance with the Tribunal's findings outlined above), as of June 20, 2018, the total amount owed by Pakistan to Karkey is US $845,899,489.57.  Exhibit 3 attached hereto provides the relevant interest calculations.

21.     Pakistan has failed to date to pay any part of the Award.

Pakistan's Annulment Application and the Provisional Stay of Enforcement of the Award

22.     On October 27, 2017, Pakistan filed an application seeking annulment of the Award pursuant to Article 52 of the ICSID Convention (the "Annulment Application").  The Secretary-General of ICSID registered the Annulment Application on November 7, 2017.

23.     A three-member *ad hoc* tribunal, knowin in the ICSID system as a "committee" (the "Annulment Committee"), was constituted on December 5, 2017 to decide on Pakistan's Annulment Application.

24.     In its Annulment Application, Pakistan requested a stay of enforcement of the Award until the Annulment Committee issues a decision on the Annulment Application.  In accordance with ICSID Arbitration Rule No. 54(2), the Secretary-General of ICSID granted a

provisional stay of enforcement at the time that the Annulment Application was registered, pending a decision by the Annulment Committee as to whether the stay should be continued.

25.     In December 2017 and January 2018, the parties made written submissions to the Annulment Committee regarding whether the stay should be continued.  A hearing on the issue was held in Paris on February 5, 2018.

26.     On February 22, 2018, the Annulment Committee issued a Decision on the Stay of Enforcement of the Award (the "Stay Decision"), in which the Annulment Committee held, *inter alia*, that Pakistan had failed to meet its burden of proving that circumstances existed which required a continuation of the stay.  In the Stay Decision, the Annulment Committee further held as follows:

> a.     "The stay of enforcement shall continue for a period of two months from the date of this Decision [*i.e.*, until April 22, 2018]," during which time the parties were to liaise and seek to agree upon conditions under which the stay could be continued.
>
> b.     "If, by the expiration of the period of two-months from the date of this Decision [*i.e.*, by April 22, 2018], the Parties have not informed the Committee that they have reached an agreement regarding the conditions for continuation of the stay of enforcement, the stay shall be terminated."

27.     A copy of the Stay Decision is attached hereto as Exhibit 4.

28.     In April and May 2018, Pakistan and Karkey made further written submissions to the Annulment Committee regarding the stay of enforcement of the Award, and in particular concerning the negotiations concerning the provision of security (in the form of a bond or escrow account) by Pakistan as a condition for continuation of the stay.  On May 15, 2018, the

Annulment Committee issued its Procedural Order No. 2 ("Procedural Order No. 2," attached hereto as Exhibit 5), in which it held that "the recent submissions by Pakistan provide no further information on circumstances which required a change of the [Stay] Decision," and that "Pakistan's reasons now presented for its new request in essence reiterate the reasons it presented earlier, which were not accepted by the Committee as sufficient to justify continuation of the stay."  Despite the foregoing, the Annulment Committee ordered that "[t]he stay of enforcement shall continue for a period of one month from the date of this [Procedural Order No. 2]," *i.e.*, until June 15, 2018, to allow the parties one more opportunity to negotiation conditions for the continuation of the stay.  The Annulment Committee also held that "[i]f, by the expiration of the period of one month from the date of this Decision [*i.e.*, one month from May 15, 2018], the Parties have not informed the Committee that they have reached an agreement regarding the conditions for continuation of the stay of enforcement, the stay shall be terminated without any further action by the Committee being required."

29.     The parties did not reach an agreement by June 15, 2018 regarding the conditions for continuation of the stay of enforcement.  Therefore, the stay of enforcement of the Award has now been terminated, by the terms of Procedural Order No. 2.

<u>Current Status</u>

30.     The annulment proceeding initiated by Pakistan is ongoing.  However, since the stay of enforcement of the Award has been terminated, Pakistan is obligated to voluntarily and immediately comply with the Award pursuant to Article 53 of the ICSID Convention.  Pakistan has not done so.  As a result, Karkey is entitled to seek recognition and enforcement of the Award pursuant to Article 54 of the ICSID Convention.

## FIRST CAUSE OF ACTION

## FOR RECOGNITION OF ICSID ARBITRATION
## AWARD PURSUANT TO 22 U.S.C. § 1650a

31.     Karkey restates and incorporates all of the foregoing paragraphs of the Complaint as if set forth fully herein.

32.     The Award was rendered by an arbitral tribunal pursuant to Chapter IV of the ICSID Convention.

33.     Both Turkey and Pakistan were parties to the ICSID Convention when Karkey and Pakistan, respectively, consented to the jurisdiction of ICSID to resolve the dispute that was the subject of the arbitration.

34.     An arbitration award under the ICSID Convention has been issued in Karkey's favor (the Award).

35.     Since the United States is also a party to the ICSID Convention, in accordance with Article 54(1) of the Convention the United States "shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in [the United States]."

36.     Pursuant to 22 U.S.C. § 1650a, the pecuniary obligations imposed by the Award shall be enforced and shall be given the same full faith and credit as if the Award were a final judgment of a court of general jurisdiction of one of the States of the United States.

37.     Accordingly, Karkey is entitled to an order (i) recognizing the Award as a final judgment pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a; and (ii) entering judgment thereon in the amount of US $845,899,489.57, plus additional interest to accrue, at the rates established by the Award, from June 21, 2018 until payment has been made in full.

- 11 -

## PRAYER FOR RELIEF

WHEREFORE, Karkey respectfully requests that this Court:

    a.  Order that the pecuniary obligations in the Award in favor of Karkey and against Pakistan be recognized and entered as a judgment by the Clerk of this Court in the same manner and with the same force and effect as if the Award were a final judgment of this Court, as required by 22 U.S.C. § 1650a and Article 54 of the ICSID Convention;

    b.  Enter judgment in favor of Karkey and against Pakistan for (i) the full amount of the pecuniary obligations contained in the Award, through June 20, 2018, in the amount of US $845,899,489.57, plus (ii) interest, at the rates provided in the Award, from June 21, 2018 up to the date on which payment is made in full;

    c.  Award Karkey the costs of this proceeding, and attorneys' fees as permitted by law, in an amount to be quantified; and

    d.   Order such other relief as the Court may deem appropriate.


Dated: June 20, 2018                    Respectfully submitted,

                                        */s/ Paolo Di Rosa*

                                 _____

                                  Paolo Di Rosa (D.C. Bar #: 434547)
                                  ARNOLD & PORTER
                                  KAYE SCHOLER LLP
                                  601 Massachusetts Avenue, NW
                                  Washington, DC 20001-3743
                                  Tel: +1 202.942.5000
                                  Fax: +1 202.942.5999
                                  Paolo.DiRosa@arnoldporter.com

                                  *Attorney for Plaintiff and Arbitration Award*
                                  *Creditor, Karkey Karadeniz Elektrik*
                                  *Uretim A.S.*