**INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES**

**Karkey Karadeniz Elektrik Uretim A.S.**

v.

**Islamic Republic of Pakistan**

**(ICSID Case No. ARB/13/1)**
**Annulment Proceeding**

---

**PROCEDURAL ORDER NO. 2**

---

*Members of the ad hoc Committee*
Prof. Dr. Karl-Heinz Böckstiegel, President of the *ad hoc* Committee
Mr. Cavinder Bull SC, Member of the *ad hoc* Committee
Ms. Dorothy Ufot SAN, Member of the *ad hoc* Committee

*Secretary of ad hoc Committee*
Ms. Lindsay Gastrell

15 May 2018

## I. THE PARTIES' REQUESTS

### A. Pakistan's Requests

1. By letter of 23 April 2018, Pakistan requested "that the stay of enforcement be continued in light of Pakistan's good faith offer to provide up to 20% of the award amount as security for the Award."

2. On 24 April 2018, Pakistan submitted a second letter titled "Request for Hearing on Security for Stay of Enforcement," which contained the following request:

   > Pakistan respectfully requests that the Committee convene a one-day hearing at the Committee's and the parties' earliest convenience to discuss Pakistan's request [for the Committee to revise its ruling on the stay of enforcement and extend it through the pendency of these annulment proceedings] and the sufficiency of Pakistan's financial guarantees for purposes of ordering a continued stay of enforcement. Should this request be granted, Pakistan further requests that the stay be maintained until at least the conclusion of that hearing.

3. By its letter of 11 May 2018, Pakistan restated its request as follows:

   > Pakistan thus formally repeats its request that the Committee continue the stay of enforcement of the Award based on Pakistan's proposal to deposit USD 150 million, or convene a one-day hearing at the Committee's and the parties' earliest convenience to discuss the sufficiency of Pakistan's financial guarantees. Pakistan has made good faith efforts to meet Karkey's requests issuing two letters from its maximum legal officer and offering to set up a security for USD 150 million.

### B. Karkey's Requests

4. By letter of 30 April 2018, Karkey submitted the following request:

   > Karkey respectfully requests that the Committee:
   > a) order that Pakistan refrain from making further submissions regarding the issues addressed in the present letter;

    b) decline Pakistan's request to convene another hearing regarding the stay;

    c) decline Pakistan's request that the stay be "continued," reinstated, or newly imposed;

    d) confirm that the stay terminated as of 23 April 2018 pursuant to the Stay Decision; and

    e) award Karkey the fees and costs it has incurred in responding to Pakistan's request for reconsideration of the Stay Decision.

5. By its letter of 7 May 2018, which included a new counteroffer of security, Karkey made the following request:

> Karkey respectfully requests that, if within three days of the date of this letter (*i.e.*, by 10 May 2018) the Parties have not informed the Committee that they have reached agreement on the above terms, the Committee formally confirm to the Parties in writing that the stay of enforcement has been terminated. Karkey also requests that the Committee award Karkey the fees and costs it has incurred in responding to Pakistan's belated efforts to negotiate conditions for a stay of enforcement.

## II. BACKGROUND

6. On 22 February 2018, the Committee issued its Decision on the Stay of Enforcement of the Award (the "Decision"). In the Decision, the Committee concluded that Pakistan had "not provided sufficient proof that circumstances exist in the present case which require a continuation of the stay, as mandated by Rule 54(4)." However, the Committee left open the possibility that the stay could be continued "subject to conditions which the Parties might find feasible and a preferable." The Committee invited the Parties to discuss options for a condition under which the stay could be continued. The Committee then decided that if the Parties did not inform the Committee within two months after the date of the Decision that they had reached an agreement regarding the conditions for continuation of the stay of enforcement, the stay would be terminated.

7. By email of 23 April 2018, Karkey informed the Committee that the Parties had not been able to reach an agreement on the conditions for continuation of the stay. Karkey asked the Committee to "formally confirm in a letter to the Parties that the stay of enforcement of the

Award has now been terminated by the Committee, in accordance with paragraph 136(b) of the Committee's Stay Decision."

8. Pakistan responded to Pakistan's email by letter of the same date. Pakistan argued that it had made several good faith offers that Karkey refused to accept. As noted above, Karkey requested that the stay of enforcement be continued on account of its offer to provide a security for 20% of the amount of the Award.

9. On 24 April 2018, Karkey responded to Pakistan's request, objecting to its characterisation of the facts and alleging that Pakistan had breached the confidentiality of the Parties' discussions. Karkey noted that it considered the stay to have already terminated and requested the Committee's confirmation.

10. By letter dated 24 April 2018, Pakistan submitted a request that the Committee hold a hearing to address these issues.

11. Upon the invitation of the Committee, Karkey responded to Pakistan's request by letter of 30 April 2018. This letter contained the request reproduced above in paragraph 3.

12. On 2 May 2018, Pakistan requested leave to briefly respond to certain points raised in Karkey's letter of 30 April 2018. The Committee granted leave on the same day. On 3 May 2018, Pakistan submitted its response, together with Annex A. It objected to several points raised by Karkey and also set forth a new offer of security for Karkey's consideration.

13. On 5 May 2018, Karkey requested leave to respond to Pakistan's latest letter. The Committee granted leave, and Karkey submitted its response on 7 May 2018, together with Annex A. Karkey challenged Pakistan's characterisation of events and responded to Pakistan's new offer. Karkey set forth a counteroffer for Pakistan to consider.

14. On 8 May 2018, Pakistan requested leave to respond to Karkey's counteroffer, which the Committee granted. Pakistan submitted its response on 11 May 2018.

15. On 12 May 2018, Pakistan informed the Committee that the group negotiating with Karkey on behalf of Pakistan was composed of senior officials from the Ministries of Energy, Finance, Law and Justice and the Office of the Attorney General.

16. On 14 May 2018, Karkey requested leave to respond to Pakistan's letter of 11 May 2018, stating that it "would articulate a final offer to Pakistan on the security issue".

## III.   THE *AD HOC* COMMITTEE'S CONSIDERATIONS

17. While the Committee has considered all of the factual and legal arguments presented by the Parties in their submissions, the Committee does not consider it necessary to reiterate or summarize all such arguments, which are well-known to the Parties. In this Procedural Order, the Committee discusses only those arguments which it considers relevant for its decisions. The Committee's reasons, without addressing all the arguments advanced by the Parties, address what the Tribunal considers to be the determinative factors required to decide on the requests of the Parties.

18. The Committee recalls its dispositive from the Decision:

> For the reasons above, the *ad hoc* Committee holds as follows:
>
> a. The stay of enforcement shall continue for a period of two months from the date of this Decision.
>
> b. If, by the expiration of the period of two-months from the date of this Decision, the Parties have not informed the Committee that they have reached an agreement regarding the conditions for continuation of the stay of enforcement, the stay shall be terminated.

19. From this wording, it is clear that, if the two-months period elapses without the Parties having informed the Committee that they reached an agreement, the stay shall be terminated. The recent submissions received from the Parties show that it is undisputed that, indeed, the Parties did negotiate and no agreement was reached. Therefore, the only condition for termination of the stay is fulfilled.

20. A change to this conclusion would be required only if the submissions by Pakistan show that a new circumstance has arisen which requires a change of the above Decision. In this regard, the Committee makes the following observations.

21. First, the information received from the Parties, in the view of the Committee, does not show that Karkey negotiated in bad faith. Paragraph 132 of the Decision lists various possible conditions for continuation of the stay, including two options proposed by Karkey. The Decision makes clear that in the view of the Committee, all options on the list would be acceptable, if agreed by the Parties. It follows that Karkey could insist on its two proposals mentioned therein under (a) and (b), or make further proposals as invited under (d); it did not have to accept other options suggested by Pakistan.

22. Second, the recent submissions by Pakistan provide no further information on circumstances which require a change of the Decision.

23. The Committee recalls its conclusion from paragraph 126 of the Decision that "Pakistan has not provided sufficient proof that circumstances exist in the present case which require a continuation of the stay, as mandated by Rule 54(4)."

24. Pakistan's reasons now presented for its new request in essence reiterate the reasons it presented earlier, which were not accepted by the Committee as sufficient to justify continuation of the stay. Neither the effects on Pakistan's budget nor its credit rating are new arguments. And the newly mentioned alleged "destabilization within the State prior to the 2018 general election" does not provide a circumstance which could be a reason to change the Decision.

25. Third, although the new proposal made by Pakistan in its letter of 3 May 2018 was obviously not made within the two-month period provided by the Decision, Karkey, in response, submitted a counteroffer by its letter of 7 May 2018, and Pakistan commented on this counteroffer by its letter of 11 May 2018.

26. While the Committee does not have the function to enter into the negotiations between the Parties, and thus there is no need to have a hearing for such a purpose, the Committee

considers that the difference between the latest offers exchanged between the Parties in their most recent letters is not of such a margin that a compromise seems impossible. Therefore, the Committee considers that the Parties should be given a final opportunity to try to agree on conditions under which the stay could be continued and that a period of one month may be appropriate to enable such further negotiations. The Committee encourages the Parties to seek a compromise between their latest offers.

27. In light of this conclusion, the Committee does not consider that a further reply by Karkey to Pakistan's most recent submission is necessary (see paragraph 16 above).

28. Should the Parties still not be able to agree, for the above reasons, in application of the Committee's Decision, as hereby amended, the stay of enforcement shall be terminated after the one-month period has expired without any further action from the Committee being required.

## IV. DECISION

29. For the above-mentioned reasons, the *ad hoc* Committee decides as follows:

   **A.** **The stay of enforcement shall continue for a period of one month from the date of this Decision.**

   **B.** **If, by the expiration of the period of one month from the date of this Decision, the Parties have not informed the Committee that they have reached an agreement regarding the conditions for continuation of the stay of enforcement, the stay shall be terminated without any further action by the Committee being required.**

   **C.** **A decision regarding the costs of arbitration caused by Pakistan's requests is deferred to the final decision of the Committee in these proceedings.**

   **D.** **All other requests are dismissed.**

*Karkey Karadeniz Elektrik Uretim A.S. v. Islamic Republic of Pakistan*
(ICSID Case No. ARB/13/1) Annulment Proceeding

On behalf of the *ad hoc* Committee,

_____
Prof. Karl-Heinz Böckstiegel
President of the *ad hoc* Committee
Date:  15 May 2018